UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY
PIROZZI, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS F.
CORBETT, and ANTHONY D'AQUILA,
as Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Job Training Fund,
and the Local 282 Vacation and Sick Leave
Trust Fund,

                              Plaintiffs,

                                                            **REPORT &
                                                            RECOMMENDATION**

            -against-                                       11-CV-4096 (JS) (GRB)


SEMCOR EQUIPMENT AND
MANUFACTURING CORPORATION,

                              Defendant.

--------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

        Pending before the undersigned, on referral from the Honorable Joanna Seybert, is

plaintiffs' motion for entry of judgment.[1]  Docket Entry ("DE") 14.  Plaintiffs seek entry of

judgment for a breach of a settlement agreement between the parties, which was so ordered by

---

[1] While plaintiffs purport to seek relief under Federal Rule of Civil Procedure 55(b)(2), that rule
is inapplicable here.  *See* Fed. R. Civ. P. 55(b)(2) (providing procedure for default judgment).
Here, defendant has filed an answer and, thus, is not in default.  *See* DE 11 (answering amended
complaint).  Regardless, "'[a] trial court has inherent power to enforce summarily a settlement
agreement when the terms of the agreement are clear and unambiguous.'"  *Sheet Metal Workers'
Nat. Pension Fund v. Jersey Sheet Metal Works, Inc.*, No. 07-CV-0131 (FB) (ARL), 2009 WL
150927, at *1 (E.D.N.Y. Jan. 21, 2009) (quoting *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d
437, 444 (2d Cir. 2005).

the Court. DE 29; DE 30. For the reasons that follow, the undersigned respectfully recommends that the Court grant plaintiffs' motion, and enter judgment against defendant in the amount of $166,322.24, plus *per diem* interest of $38.82 from May 16, 2017 to the date of the district court's order.

## STATEMENT OF FACTS

Plaintiffs are the trustees and fiduciaries of certain multiemployer employee benefit funds under the Employee Retirement Income Security Act of 1974 ("ERISA"). DE 32 at 1. In the complaint, plaintiffs alleged that defendant was required to contribute to those funds under collective bargaining agreements. *Id.* at 2. Plaintiffs alleged that defendant failed to pay required contributions in the amount of $207,615.93. *Id.* In August 2011, the parties settled this action, and filed a stipulation of settlement (the "Stipulation"). DE 29. The next day, the Court so ordered the Stipulation and closed the case, with plaintiffs "retaining the right to reopen this matter in the event of a default under this Stipulation." DE 30.

In the Stipulation, defendant agreed to pay $123,000.00 in 35 monthly installments of $3,911.37 on the fifteenth of each month beginning on June 15, 2014. DE 34 at 7–8. A final payment of $3,882.25 was due on May 15, 2017. *Id.* The Stipulation also provided that several pieces of equipment would be pledged as collateral to guarantee the amount owed. *Id.* at 8–9. To further secure the amount due, Thomas McMenaman, the principal of defendant, personally guaranteed the amount owed under the Stipulation.[2] *Id.* at 11, ¶ 14. In the event of an uncured default, the full deficiency amount of $207,615.93 would become due. *Id.* at 5–9, ¶¶ 1, 5, 10.

---

[2] While plaintiffs seek to have judgment entered against McMenaman, that portion of the motion should be denied. Plaintiffs have provided no authority—and the undersigned is aware of none—that would allow this Court to enter judgment against a non-party. Nor can the Stipulation provide a basis for the motion as McMenaman is not included in the enforcement provision of the Stipulation. *See* DE 34 at 8, ¶ 10.

Defendant made timely monthly payments from June 2014 until April 2015, totaling $43,025.07.  *Id.* at 3, ¶ 12.  After defendant ceased making payments, plaintiffs demanded turnover of the collateral, which was sold at auction for $7,140.80.  *Id.* Defendant has failed to pay the remaining amount due under the Stipulation.  *Id.* at ¶ 15.

## DISCUSSION

A settlement is a contract that "[o]nce entered into...is binding and conclusive." *Powell v. Omnicon*, 497 F.3d 124, 128 (2d Cir. 2007).  As such, a "district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, at *1 (2d Cir. 2013) (citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)).  "A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986) (citing *Meetings & Expositions, Inc.*, 490 F.2d at 717).

I.      **Liability**

"Under New York law . . . for breach of contract, the elements of the claim are a contract, the plaintiff's performance under the contract, the defendant's breach, and damages resulting from the breach." *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 980 F. Supp. 2d 400, 408–09 (E.D.N.Y. 2013) (citation and quotations omitted).

Plaintiffs have established that the parties entered into the Stipulation that was so ordered by the Court, under which defendant agreed to pay $123,000.00 in full settlement of plaintiffs' claims against it.  DE 34 at 7–8.  Plaintiffs provide affidavits detailing defendant's previous

3

payments and that defendant has failed to continue making payments under the Stipulation, and that defendant is currently in default.  DE 34 at 3–4, ¶¶ 12, 15.

Moreover, plaintiffs provide evidence that they properly seized and sold the pledged collateral in an attempt to satisfy the outstanding balance.  DE 33 at 4, ¶¶ 10–12.  Defendant has failed to file any opposition to this motion.  Therefore, the undersigned recommends that the Stipulation be enforced, and judgment enter against defendant.

## II.    Damages

Plaintiffs argue that they are entitled to damages in the amount of $157,450.06, plus interest, attorneys' fees, and costs.

### A.  Amount Due

The Stipulation provides that, upon default, plaintiffs are entitled to the full deficiency amount of $207,615.93, less any payments made.  DE 34 at 5–9, ¶¶ 1, 5, 10.  Defendant has made payments totaling $50.165.87.  DE 33 at 5, ¶ 17; DE 34 at 3, ¶ 12.  Thus, the Court should award plaintiffs damages in the amount of $157,450.06.

### B.  Interest

The Stipulation provides that plaintiffs are entitled to interest on the balance owed—$157,450.06—at the rate of 9%.  DE 34 at 6–7, ¶ 3.  As a result, plaintiffs are entitled to an annual interest amount of $14,170.51.  *See* DE 33 at 6, ¶ 23.  This equates to a *per diem* interest amount of $38.82.  *Id.*  Plaintiffs are entitled to interest from May 16, 2017—the date the final settlement payment was due—until the date of the district court's order entering judgment.  *Id*.  Therefore, the Court should award interest in addition to damages.

### C.  Legal Fees

The Stipulation expressly provides that, in the event of a breach, defendant would be

4

liable for attorneys' fees.  DE 34 at 10, ¶ 10.  Thus, the Court must consider the reasonableness of the fees and costs sought.

"Both the Second Circuit and the Supreme Court have held that the lodestar—the product of the reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *L.I. Head Start Child Dev. Serv., Inc. v. Econ. Opportunity Com'n of Nassau Cnty., Inc.*, 865 F. Supp. 2d 284, 291 (E.D.N.Y. 2012).  "[W]hile the lodestar is not always conclusive, absent extraordinary circumstances, it must be calculated as a starting point."  *Id.*  The Second Circuit has also required that the district court consider the factors laid out in *Johnson v. Georgia Highway Express, Inc*.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186-87, n. 3 (2d Cir. 2008) ("*Arbor Hill*").  In doing so the district court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate."  *Id.* at 190 (emphasis in original).[3]  In analyzing the case-specific variables, the Court need not robotically "recite and make separate findings as to all twelve of the *Johnson* factors."  *L.I. Head Start Child Dev. Serv. Inc.*, 865 F. Supp. 2d at 291.  "[T]he most critical factor in a district court's determination of what constitutes a reasonable attorneys' fee in a given case is the degree of success obtained by the plaintiff."  *Konitz v. Karahalis*, 409 F. App'x 418, 421 (2d Cir. 2011).

"Pursuant to the 'forum rule,' the Second Circuit has instructed that courts should use the

---

[3] "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186, n.3.

'prevailing hourly rate in the community' in determining the reasonable hourly rate. For the purposes of calculating the reasonable hourly rate under the forum rule, the relevant 'community' is 'the district where the district court sits.'" *L.I. Head Start Child Dev. Serv. Inc.*, 865 F. Supp. 2d at 291–92 (citing *Arbor Hill*, 522, F.3d at 190.). Here, the relevant "community" is the Eastern District of New York. For hourly rates in the Eastern District of New York, the Second Circuit has recognized that hourly rates for partners generally range between $300 and $400 per hour. *See Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (collecting cases); *see also Remache v. Mac Hudson Grp.*, 14 CV 3118 (AMD) (RML), 2018 WL 4593072, at *20 (E.D.N.Y. Sept. 7, 2018) ($375 per hour for a partner with 30 years' experience, and $325 per hour for a partner with 19 years' experience), *report and recommendation adopted by* 14-CV-3118, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018; *Offor v. Mercy Med. Ctr.*, 2:15-CV-2219 (ADS) (SIL), 327 F.R.D. 32, 36 (E.D.N.Y. Aug. 29, 2018) ($305 per hour for a partner)

Here, plaintiffs seek $8,819.50 in attorneys' fees. *See* DE 33 at 7, ¶ 29. For work done in 2016, plaintiffs request this court award $305 per hour for partner time, and $110 per hour for paralegal time. *Id.* at 7, ¶ 28. For work done in 2017, plaintiffs request this court award $290 per hour for partner time, and $105 per hour for paralegal time. *Id.* Counsel has provided detailed descriptions of each lawyer's and paralegal's experience, both generally and for ERISA cases specifically. *See id.* at 8–9, ¶¶ 32–36. Counsel has also submitted contemporaneous billing statements which provide descriptions of the legal services rendered. *Id.* at Ex. D.

Because both the rates and hours expended are reasonable, the Court should award attorneys' fees in the amount of $8,819.50. *See* DE 32 at 12–13; *see also Ferrara v. Atlas Concrete Structures Corp.*, CV 11-2775 (JS) (ETB), DE 26 (E.D.N.Y. May 21, 2012), *adopted*

6

*by* 11-CV-2775 (JS) (ETB), DE 33 (E.D.N.Y. Aug. 20, 2012).

**D.  Costs**

"In general, a party entitled to an award of costs may receive those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Trs. of Empire State Carpenters Annuity v. Rodrigue*, 13-CV-5760 (JS) (SIL), 2018 WL 1867100 at *4 (E.D.N.Y. Feb. 7, 2018) ("costs associated with . . . postage . . . [is] within the ambit of costs that are routinely recoverable") (citations and internal quotations omitted), *report and recommendation adopted by* 2018 WL 1087944 (E.D.N.Y. Feb. 23, 2018).  "The burden is on the applicant to adequately document and itemize the costs requested." *Id.*

Plaintiffs' counsel utilizes Neopost to track postage expended.  DE 33 at 9, ¶ 38. Neopost uses United States Postal Service rates and enters postage amounts directly into counsel's billing system, which sorts bills by assigning each matter a separate number.  *Id.* at 9–10, ¶¶ 39–40.  Three different billing statements kept by counsel show postage charges, totaling $52.68.  *Id.*, Ex. D., at 2, 4, 7; *see also id.* at 9, ¶ 37.  Thus, plaintiffs are entitled to an award of costs of $52.68.

<u>CONCLUSION</u>

The undersigned respectfully recommends the Court enter judgment against defendant in the amount of $166,322.24, plus *per diem* interest of $38.82 from May 16, 2017 until the date of the district court's order.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation has been provided to counsel for plaintiffs via ECF.  **Counsel for plaintiffs is directed to serve a copy of this Report and Recommendation upon defendant and file proof of service.**  Any written objections must be

filed with the Clerk of the Court within fourteen (14) days of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.**  *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object)*; Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
        February 25, 2019

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States Magistrate Judge